

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-14-988

CANDICE JEAN COLLINS
APPELLANT

V.

ARKANSAS DEPARTMENT OF
HUMAN SERVICES AND MINOR
CHILDREN
APPELLEES

**Opinion Delivered** March 11, 2015

APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT,
ELEVENTH DIVISION
[NO. 60JV-13-919]

HONORABLE PATRICIA JAMES,
JUDGE

AFFIRMED; MOTION TO
WITHDRAW GRANTED

---

### RAYMOND R. ABRAMSON, Judge

Candice Collins appeals from the August 25, 2014 order of the Pulaski County Circuit Court terminating her parental rights to her sons, M.K. and G.K. Collins's counsel has filed a no-merit brief pursuant to Arkansas Supreme Court Rule 6-9(i)(1) (2014) and *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), asserting that there are no issues of arguable merit to support the appeal and a motion requesting to be relieved as counsel. The motion is accompanied by an abstract and addendum of the lower court's proceedings and a brief that lists all adverse rulings made at the termination hearing and explains why there is no meritorious ground for reversal. The clerk of this court notified Collins that she had the right to file pro se points for reversal under Arkansas Supreme Court Rule 6-9(i)(3), but she did not do so. We grant counsel's motion to withdraw and affirm the order of termination.

SLIP OPINION

On May 6, 2013, the Arkansas Department of Human Services (DHS) investigated a report made to the child-abuse hotline that Collins's home was environmentally unfit for children because dirty dishes were everywhere and food was spoiling in the sink; that everyone in the home slept on one mattress with no sheets on it; that the children were hungry and did not have sufficient food; that one of the children had fluid running out of his ears; and that Collins was on drugs and gone all hours of the night with the children. The children's father, Michael Knowlton, with whom Collins also lived, was in jail.[1] During the investigation, Collins tested positive for methamphetamine and was arrested for child endangerment, possession of a controlled substance, and possessing instruments of a crime. The children were placed in DHS foster care on an emergency basis due to allegations of neglect and parental unfitness.

On May 15, 2013, the court entered a probable-cause order after Collins stipulated that her home was unsafe for children, that she was a drug user, and that her arrest left the children without a legal caretaker. Family services were ordered, including services specifically targeted to help Collins's drug addiction after she again tested positive for methamphetamines and amphetamines. Hair-follicle drug tests of Collins's children indicated that one-year-old G.K. was positive for amphetamines and cocaine, and four-year-old M.K. was positive for amphetamines. On July 10, 2013, the children were adjudicated dependent-neglected; that order was not appealed.

A review hearing was held on November 6, 2013. The court expressed concerns about

---

[1]Knowlton did not pursue an appeal of the termination order.

both parents' compliance with the case plan—finding that "[t]he parents have blown, and blown off, the past six months. If they are not willing to let go of the drugs to raise their children, the court will find someone who will." Still, the goal remained reunification. On March 31, 2014, Collins filed a motion for unsupervised visitation, asserting that she had shown substantial compliance since the last hearing, was attending Narcotics Anonymous and Alcoholics Anonymous meetings, and was visiting with the children. An amended motion sought unsupervised visits for Michael Knowlton, the children's father, since he and Collins continued to remain in a relationship and live together. On April 15, 2014, the court granted the unopposed motion and permitted the parents to have a four-hour unsupervised visit with the children once a week.

A permanency-planning hearing was held on May 5, 2014. Willie Baker, a DHS caseworker, testified that Collins had been complying and made marked progress until April when she and the father were granted unsupervised visitation but, after that, she never contacted DHS or made any efforts toward reunification. Both parents admitted that while they had unsupervised visits with their children, they spent one weekend at a hotel using drugs with friends. At the conclusion of the hearing, the court held the record open to receive the results of the parents' hair-follicle drug screens. The results reflected that both parents were positive for amphetamines and methamphetamine. On May 20, 2014, the court changed the goal of the case to termination and adoption.

One month later, on June 20, 2014, DHS filed a petition for termination of parental rights, alleging that termination was in the children's best interest, and that the parents were

unfit because the children had been out of their parents' custody for twelve months, the issues causing removal had not been remedied, and that issues arising subsequent to the children's removal had also not been remedied. The termination-of-parental-rights hearing was held on July 28, 2014. The court heard testimony from Dr. Paul Deyoub, Willie Baker, Kasheena Walls, Kathryn Searcy, Michael Knowlton, James Knowlton, and Candice Collins.

In an order entered on August 25, 2014, the trial court found by clear and convincing evidence that it was in the children's best interest, and necessary to their health, safety and well-being, to terminate the parental rights of Candice Collins and Michael Knowlton to their two sons. Specifically, the court found by clear and convincing evidence that the children had been out of the mother's home for over one year during this dependency-neglect case, and despite meaningful efforts by DHS to rehabilitate the mother and correct the conditions that caused removal, those conditions had still not been remedied by the mother. The court also found by clear and convincing evidence that other factors or issues had arisen subsequent to the filing of the original petition, and that despite the offer of appropriate family services, the mother and father had manifested an incapacity or indifference to remedying those issues or factors, or rehabilitate their circumstances, that prevented the placement of the juveniles in the custody of either parent.

Collins filed a timely notice of appeal on September 9, 2014. On December 29, 2014, Collins's counsel filed a motion to withdraw. In compliance with *Linker-Flores* and Rule 6-9(i), counsel ordered the entire record and found that after a conscientious review of the record, there are no issues of arguable merit for appeal. Counsel's brief adequately covered

each action that was adverse to Collins below.

Having carefully examined the record and the brief presented to us, which included all adverse rulings, we conclude that the appeal is wholly without merit. Accordingly, we grant counsel's motion to withdraw and affirm the order terminating Collins's parental rights.

Affirmed; motion to withdraw granted.

HIXSON and HOOFMAN, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

No response.